# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 98-48

| | |
|---|---|
| MACK A. McCORMICK, | APPELLANT, |
| V. | |
| TOGO D. WEST, JR.,<br>SECRETARY OF VETERANS AFFAIRS, | APPELLEE. |

Before KRAMER, IVERS, and STEINBERG, *Judges*.

## O R D E R

On May 3, 2000, the Court ordered that this case be scheduled for oral argument. On that same day, the appellant filed through counsel a motion that this case be consolidated with the case of *Rochman v. West*, U.S. Vet. App. No. 99-1282 (Notice of Appeal filed July 26, 1999), currently assigned to a single judge of this Court. As the basis for his motion, the appellant asserts that counsel for the appellant is the same in each case and that both cases "concern whether the duty to assist pursuant to the 'Fire-related provisions' of the [Department of Veterans Affairs (VA) Adjudication Procedure Manual,] M21-1 [hereinafter Manual M21-1], requires the submission of a well[-]grounded claim before being triggered" and concludes that consideration of the two appeals together will preserve judicial resources. Motion at 2.

On May 12, 2000, the Secretary filed a motion in opposition to the appellant's motion. The Secretary asserts that (1) the appellant "has not presented any compelling reasons as to why these cases should be joined"; (2) the two "cases are not at the same procedural posture" because the instant appeal is being scheduled for oral argument and *Rochman* is still at the briefing stage; and (3) "the mere fact that the [a]ppellants in both cases are raising duty[-]to[-]assist arguments concerning the [Manual M21-1] . . . is not compelling" because *Rochman* may be disposed of on an alternative ground. Motion at 1-2. The Court also notes that the two cases do not share a common nucleus of fact and that consolidation would thus unnecessarily require three judges of this Court to review the record involved in the *Rochman* appeal; thus, contrary to the appellant's assertion, it does not appear to be in the interest of judicial economy for this panel to review the *Rochman* appeal.

On consideration of the foregoing, it is

ORDERED that the appellant's May 3, 2000, motion is denied and the Secretary's May 12, 2000, motion is granted. The Court will proceed to schedule oral argument in this case at the earliest time that the business of this Court permits.

DATED: June 16, 2000                                     PER CURIAM.